1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   PATRICIA C. CARDENAS,        )   NO. SACV 06-00745-SS
                                  )
12             Plaintiff,         )
                                  )   **MEMORANDUM DECISION AND ORDER**
13        v.                      )
                                  )
14   MICHAEL J. ASTRUE,           )
     Commissioner of the Social   )
15   Security Administration,     )
                                  )
16             Defendant.         )
     _____)

17

18        Plaintiff  seeks  review  of  Defendant's  decision  denying  her

19   disability benefits.  The parties have consented to the jurisdiction of

20   the undersigned United States Magistrate Judge, pursuant to 28 U.S.C.

21   § 636(c).

22

23        This matter is before the Court on the parties' Joint Stipulation

24   ("Jt. Stip.") filed on April 20, 2007.  For the reasons stated below,

25   the decision of the Commissioner is REVERSED and REMANDED for further

26   proceedings.

27

28

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of a list of specific impairments described in 20 C.F.R. Part

------

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 404.1510.

2

404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

(4)  Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5)  Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. § 404.1520(a)(4).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54 (citing Tackett).  Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity,[2] age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520(g).  The Commissioner may do so by the testimony of a vocational expert or by reference to the

_____

[2]  Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. § 404.1545(a).

1   Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart

2   P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240

3   F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).  When a claimant has

4   both exertional (strength-related) and nonexertional limitations, the

5   Grids are inapplicable, and the ALJ must take the testimony of a

6   vocational expert.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000)

7   (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

8

9                          **STANDARD OF REVIEW**

10

11      Under 42 U.S.C. § 405(g), a district court may review the

12   Commissioner's decision to deny benefits.  The court may set aside the

13   Commissioner's decision when the ALJ's findings are based on legal error

14   or are not supported by substantial evidence in the record as a whole.

15   Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing

16   Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th

17   Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

18

19      "Substantial evidence is more than a scintilla, but less than a

20   preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater,

21   112 F.3d 1064, 1066 (9th Cir. 1997)).  It is "relevant evidence which

22   a reasonable person might accept as adequate to support a conclusion."

23   Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279).  To

24   determine whether substantial evidence supports a finding, the court

25   must "'consider the record as a whole, weighing both evidence that

26   supports and evidence that detracts from the [Commissioner's]

27   conclusion.'" Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2

28   F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support

either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-21 (citing <u>Flaten v. Sec'y</u>, 44 F.3d 1453, 1457 (9th Cir. 1995)).

## DISCUSSION

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physician. (Jt. Stip. at 9). Plaintiff further contends that the ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's subjective complaints testimony. The Court agrees with both arguments and finds that the ALJ's decision must be REVERSED and REMANDED.

**A.    The ALJ Failed To Properly Consider All The Relevant Medical Evidence and, In Particular, Failed to Provide Give Proper Weight To The Treating Physician's Opinions**

The ALJ found that Plaintiff's impairments met the criteria of a Listing from May 17, 2002 through December 31, 2004, but that as of January 1, 2005, Plaintiff regained the functional capacity to perform a reduced range of light work, including her past relevant work as a trailer rental clerk. (AR 15-24). Plaintiff contends that the ALJ's finding that she regained her ability to work as of January 1, 2005 <u>ignores</u> the medical records that demonstrate that Plaintiff's disability continued after January 1, 2005.

On July 29, 2004, Dr. Esposito examined Plaintiff.  Plaintiff left hand pain and numbness had resumed.  She also complained of moderate neck pain radiating into both trapezial regions, moderate low back pain, worsened with sitting, standing and repetitive bending or stooping.  (AR 121).  The examination revealed limited ranges of cervical and lumbar motion, moderate bilateral trapezial trigger points, and some vascular hypertrophy of the veins at the incision site.  He again diagnosed cervical and lumbar degenerative disc disease with bilateral trapezial trigger points, and left wrist carpal tunnel syndrome.  (AR 121-122). He continued Plaintiff's prescriptions for Celebrex, Vicodin and Xanax. (AR 122).

Dr. Esposito examined Plaintiff again on January 15, 2005.  He noted that Plaintiff continued to complain of persistent neck pain radiating to both shoulders and low back pain radiating into the gluteal regions, worsened with prolonged sitting, standing, bending and stopping.  (AR 151-52).  His examination revealed markedly restricted neck extension, mildly restricted shoulder ranges of motion and negative impingement signs, markedly restricted lumbar extension and complaints of markedly increased carpal tunnel symptoms since removal of a cyst in the left wrist.  (AR 252).  Dr. Esposito again diagnosed bilateral shoulder impingement, left greater than right on clinical evaluation, cervical degenerative disc disease with mild to moderate stenosis, left hand carpal tunnel syndrome post excision of cyst and release and lumbar degenerative disc disease with facet syndrom.  (AR 253).

Plaintiff correctly points out that the medical evidence demonstrates that Plaintiff regained upper extremity function that she

6

did not have during the approximately two and a half year period of her disability.  However, it is also true that as of January 1, 2005, the evidence supplied by her treating physician shows that her lumbar condition did not significantly improve.   The medical expert, Dr. Jensen, found significant limitations based upon Plaintiff's back impairment, including that plaintiff be permitted to stand every half our for five minute periods.  Dr. Sukoff, the consultative examiner, opined that Plaintiff would only be able to sit for four hours a day, stand/walk for one hour each day and must get up and move around every 45 minutes for thirty minute intervals.  (AR 225-26).

Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended).  Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons, supported by substantial evidence in the record.  Id.  The opinions of treating physicians are entitled to special weight because the treating physician is hired to cure and has a better opportunity to know and observe the claimant as an individual.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

It is unclear whether Dr. Esposito's opinion is actually "contradicted" by the consultative doctor or medical expert.  Even assuming the opinion is contradicted, the ALJ is required to provide specific and legitimate reasons for rejecting Dr. Esposito's opinions.

The Court finds that the ALJ failed to provide specific and legitimate reasons for disregarding the opinions of Drs. Esposito, Sukoff and Jensen regarding Plaintiff's limitations.  The ALJ placed too much reliance on her observations of Plaintiff at the hearing.  Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985).  Upon remand, the ALJ is directed to consider fully all the evidence of record.  If she rejects the opinions of the treating physician, she must provide specific and legitimate reasons that are clearly expressed in her decision.

**B.    The ALJ Failed To Provide Clear and Convincing Reasons For Rejecting Plaintiff's Credibility**

Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, as it is here, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); see Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (implicit finding that claimant was not credible is insufficient).  Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  Lester, 81 F.3d at 834.  As long as plaintiff offers evidence of a medical impairment that could reasonably be expected to produce pain, the ALJ may not require the degree of pain to be corroborated by objective medical evidence.  Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

8

1    The ALJ failed to provide clear and convincing reasons to reject
2    Plaintiff's credibility.  First, she relied upon the fact that there was
3    a lack of "muscle atrophy" to support the degree of pain Plaintiff
4    asserted.   However, the multiple MRIs and examinations show objective
5    evidence that would support Plaintiff's assertions of pain.  As such,
6    the mere fact that Plaintiff lacks muscle atrophy is not a legitimate
7    reason.   Second, the ALJ states that Plaintiff did not suffer adverse
8    side effects from medication which impacted her ability to perform work
9    related activities.   Although Plaintiff acknowledged some relief from
10   her medications, she did not testify one way or another regarding side
11   effects.  Thus, this reason was not legitimate.  Finally, the fact that
12   she was not a candidate for further surgery does not call into question
13   Plaintiff's pain testimony.  Not all pain or symptoms can be relieved
14   with surgery.  Accordingly, the Court finds that the ALJ failed to give
15   clear and convincing reasons for rejecting Plaintiff's subjective pain
16   testimony.  Remand is required.
17   \\
18   \\
19   \\
20   \\
21   \\
22   \\
23   \\
24   \\
25   \\
26   \\
27   \\
28   \\

**CONCLUSION**

Pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that Judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings consistent with this decision.  The Clerk of the Court shall serve copies of this Order and the Judgment on counsel for both parties.


DATED: October 3, 2007                              /S/

                                      _____
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

---

[3]    This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

10